UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TALVEER GILL,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendant. | CASE NO. C21-1029 MJP<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME AND MOTION TO DISMISS |

This matter is before the Court on Defendant's motion to dismiss, (Dkt. No. 8), and Plaintiff's motion for extension of time, (Dkt. No. 13). Having considered the briefing on both motions, (Dkt. Nos. 8–10, 13–17), the Court GRANTS Plaintiff's motion for extension of time and Defendant's motion to dismiss.

## Background

Plaintiff Talveer Gill is a Canadian citizen suing the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671 *et seq.*, for alleged torts relating to stops at the U.S.-Canadian border, including a seven-hour detention and interrogation and a decision to find him inadmissible and cancel his investor visa. (Dkt. No. 1 ("Complaint").) He is challenging the

inadmissibility determination in <u>Gill v. Mayorkas</u>, C20-939 MJP.  Plaintiff filed an administrative claim on or about July 21, 2020. (Compl. ¶ 4.)  The United States denied the claim in a letter that was mailed on January 27, 2021. (Dkt. No. 9, Declaration of Derek Kollars ¶ 3.)  Plaintiff received the denial on or about February 2, 2021. (Compl. ¶ 4.)  Plaintiff filed the complaint commencing this action on August 2, 2021. (<u>See</u> Compl.)

The United States moves to dismiss based on the FTCA's statute of limitations.  (Dkt. No. 8.)  Plaintiff moves for an extension of time to respond to the motion, (Dkt. No. 13), and filed a late response to the motion to dismiss, (Dkt. No. 14).  The United States opposes the motion for an extension of time.  (Dkt. No. 16).

## Discussion

The FTCA waives the United States' sovereign immunity for tort suits against officials acting in their official capacity but bars all claims that do not meet either of two deadlines.  First, the claim must be presented in writing to the appropriate federal agency within two years after the claim accrues.  28 U.S.C. § 2401(a).  Second, if the agency denies the claim, the claimant must sue within six months of the agency's final denial, going by the date of mailing.  <u>Id.</u> at § 2401(b).

Equitable tolling may excuse a party for missing a deadline, such as a statute of limitations.  It applies to the FTCA.  <u>United States v. Wong</u>, 575 U.S. 402 (2015).  A plaintiff is "entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." <u>Holland v. Fla.</u>, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

As an initial matter, the Court GRANTS Plaintiff's motion for an extension of time to respond and has fully considered his response to the motion to dismiss.  Plaintiff's counsel has

explained that he was unable to meet the deadline for his response because of travel delays from a trip to South America and law office failure.  Considering that his response is only two days late under Local Civil Rule 7 and before the United States filed a timely reply, there is no prejudice in considering Plaintiff's response.  To the extent Plaintiff seeks time to file supplemental briefing beyond what has already been filed, his motion is DENIED.

As for the merits of the motion to dismiss, Plaintiff meets the first element because he has diligently pursued his rights.  He filed multiple administrative requests and a separate federal lawsuit to challenge the inadmissibility determination.  However, he has not met his burden on the second element of showing extraordinary circumstances.  His explanation is that Defendants in his related case, Gill v. Mayorkas, C20-939 MJP, did not provide the complete administrative record in time for him to review it to assess all claims and draft a complaint that comports with Rule 8 pleading requirements.  This argument is not persuasive for two reasons.

The first is that he filed the complaint in this case a month before the defendants in his related case filed a supplemental administrative record.  He filed his complaint here on August 2, 2021, while the defendants filed the supplemental record in Gill v. Mayorkas, C20-939 MJP, on September 8, 2021.  If he needed facts that were only made available in the supplemental record, he would not have filed the complaint before he had access to it.  So it is not clear how any delay was caused by factors outside Plaintiff's control.  See Menominee Indian Tribe of Wis. v. United States, 136 S. Ct. 750, 756 (2016) (equitable tolling is not appropriate when "the litigant was responsible for its own delay").

The second is that Plaintiff has not articulated what facts he did not know that were necessary for filing by the deadline.  See Hensley v. United States, 531 F.3d 1052, 1057 (9th Cir. 2008) (equitable tolling is available for a party who is "unable to obtain vital information bearing

on the existence of the claim"). He could have filed a complaint based on his initial investigation and amended it after obtaining the supplemental record. He also had time to file his complaint after receiving the initial administrative record, which was filed on March 1, 2021—nearly five months before the statute of limitations had run. This is not a case where Plaintiff was without facts to determine his injury or its cause. See Lukovksy v. City and Cnty of San Francisco, 535 F.3d 1044, 1050 (9th Cir. 2008) (a claim accrues when a plaintiff knows of both the injury and its cause and not when the plaintiff "suspects a legal wrong").

Ultimately, and unfortunately for Plaintiff, this is "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline, [which] does not warrant equitable tolling." Kwai Fun Wong v. Beebe, 732 F.3d 1030, 1052 (9th Cir. 2013), *aff'd and remanded sub nom*. United States v. Wong, 575 U.S. 402 (2015). While he filed his complaint only a few days late, the Ninth Circuit has declined to grant equitable tolling for a plaintiff whose complaint was just one day late. Adams v. United States, 658 F.3d 928, 934 (9th Cir. 2011). See also Luangrath v. United States, No. 2:18-CV-01792-BJR, 2019 WL 2022672, at *3 (W.D. Wash. May 8, 2019) (claim was eight days late).

For these reasons, Plaintiff's motion to continue is GRANTED such that the Court has fully considered his late response, and the United States' motion to dismiss is GRANTED because Plaintiff has failed to show extraordinary circumstances prevented him from filing on time. The Complaint is DISMISSED.

The clerk is ordered to provide copies of this order to all counsel.

Dated December 14, 2021.

Marsha J. Pechman
United States Senior District Judge